IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**NORFOLK DREDGING COMPANY,**

        **Plaintiff,**

v.                                              Civil Action No. 2:07cv130

**CITY OF CHESAPEAKE**

**and**

**THE UNITED STATES OF AMERICA,**

        **Defendants.**

## ORDER AND OPINION

This matter comes before the court on the motions to dismiss filed separately by the defendant City of Chesapeake ("Chesapeake") and the defendant United States of America ("United States"). After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendants' motions to dismiss.

I.  Factual Background

On February 25, 2005, a spud on a barge owned by the plaintiff, Norfolk Dredging Company, struck a water main owned by Chesapeake that runs beneath the Albermarle and Chesapeake Canal, in the City of Chesapeake, Virginia. The impact ruptured the water main, causing damage. On August 17, 2006, Chesapeake, as owner of the water main, sued the

plaintiff in the Circuit Court for the City of Chesapeake, for damages arising out of the incident. On October 24, 2006, the plaintiff filed a third-party complaint against the United States in that case, alleging that the United States was required to indemnify it were it found liable to Chesapeake.  The United States did not file a response to the third-party complaint, but instead sent a letter to the Chesapeake Circuit Court indicating that the state court lacked subject matter jurisdiction over the third-party complaint, because it was an admiralty complaint against the United States, and therefore the Suits in Admiralty Act required such cases to be heard in federal court.  See 46 U.S.C. § 30906.

II.  Procedural History

As a result of the United States' letter to the Chesapeake Circuit Court, the plaintiff filed the instant action against Chesapeake and the United States in this court on March 16, 2007, seeking a declaratory judgment that the plaintiff is entitled to contribution and/or indemnification from the United States should the plaintiff be held liable to Chesapeake in the state court action. The plaintiff grounds its action in the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Suits in Admiralty Act, 46 U.S.C. § 30903.  Although the plaintiff continues to deny liability to Chesapeake in the underlying state court action, it has brought the instant action in an attempt to require the United States to indemnify it in case it loses its defense of Chesapeake's state court lawsuit.

Chesapeake filed a motion to dismiss the complaint on May 17, 2007, arguing that the complaint did not state a claim for relief against it and that, regardless, any claim for indemnity or contribution against the United States is not ripe for adjudication.  In similar fashion, the United States filed a motion to dismiss on May 31, 2007, raising the issue of ripeness that

2

Chesapeake had earlier raised. The plaintiff filed a response brief to Chesapeake's motion on May 29, 2007 and a response brief to the United States' motion on June 14, 2007, in which it argued that, because the action is a declaratory one, it should be permitted to proceed even though the state court action has not been resolved. With respect to Chesapeake's claim that the plaintiff failed to state a claim against it in the complaint, the plaintiff argued that Chesapeake is a necessary party to the action, and therefore should not be dismissed.

Chesapeake filed a reply brief on June 5, 2007, and the United States filed a reply brief on June 19, 2007. Both defendants argue that the plaintiff is premature in seeking a declaratory judgment before the rights of the parties in the state court litigation have been fixed, and claim that the complaint should be dismissed for lack of ripeness, although it may be refiled after the conclusion of the state court action between the plaintiff and Chesapeake. The motions to dismiss are now ripe for consideration.

III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions.  See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint.  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Where, as here, the defendants attack the sufficiency of the complaint, the court is required to accept all of the complaint's factual allegations as true.  Id. at 783.

IV.  Analysis

A.  Ripeness

This action is one for a declaratory judgment, and therefore the court is constrained by, inter alia, the Constitution's requirement of actual "Cases" and "Controversies," U.S. CONST. art. III, sec. 2, and the statutory requirement that an "actual controversy" exist before a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.  As the Supreme Court has indicated, the question of whether a case is ripe for

adjudication turns on "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967).  In turn, an issue is fit for judicial decision where "the issue tendered is purely a legal one" and the action giving rise to it is sufficiently "final." Id.  Should a court determine that a case before it is not ripe, dismissal of the case is appropriate, because "the question of the ripeness of a claim for adjudication in a federal court is essentially a question of the judicial power of the court over the claim and whether the court should exercise that power." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 931 n.4 (4th Cir. 1977).

Both of the defendants make essentially the same argument with regard to the issue of ripeness: that because the state court litigation is ongoing, the plaintiff's case in this court is based solely on potential prospective liability.  That an independent action for indemnification or contribution can be based on such speculative grounds was rejected by the Fourth Circuit in Mowinckles, where the court held that "an important factor in considering ripeness is whether resolution of the tendered issue is based upon events or determinations which may not occur as anticipated." Id. at 932.  Therefore, the defendants claim that because the plaintiff has denied liability in the underlying suit–and indeed has reiterated that denial in the complaint in this case–the result of the state court action is far from certain.  As this court has previously held, a separately-filed claim for indemnity or contribution does not accrue until the party seeking the relief has paid more than its share of the underlying obligation. Virginia Int'l Terminals, Inc. v. Ceres Marine Terminals, Inc., 879 F.Supp. 31, 32-33 (E.D. Va. 1995).

However, as the plaintiff notes, this action is one for a declaratory judgment–for a declaration of rights should an event occur in the future.  The plaintiff cites several cases for the

proposition that a party may seek a declaratory judgment in a separate action even while the underlying controversy is unresolved. See, e.g., White v. Nat'l Union Fire Ins. Co., 913 F.2d 165 (4th Cir. 1990). Yet, as the defendants point out, the cases cited by the plaintiff all involve a determination of whether an insurance policy covers a specific loss. See id.; Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330 (11th Cir. 1989); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937); Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc., 474 F.Supp.2d 779 (E.D. Va. 2007). Unlike those cases, the United States is not an insurer of the plaintiff here. Rather, the plaintiff has alleged that the United States failed to eliminate a hazard to navigation or to warn mariners with regard thereto.

As some of the cases cited by the plaintiff have indicated, many insurance contracts obligate the insurance company to defend its insured against litigation, regardless of the likelihood that the insured will be found liable. See, e.g., Holbrook, 867 F.2d at 1333. As the Holbrook court noted, "[i]n some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question, while a refusal to defend may create a 'bad faith' tort claim." Id. Indeed, an insurer that wrongfully refuses to defend its insured may be required to reimburse the insured for legal fees and costs. See, e.g. Cowan Systems, Inc. v. Harleysville Mut. Ins. Co., 457 F.3d 368 (4th Cir. 2006). In the instant case, however, the United States does not face these risks, as it has no contractual obligation to defend or indemnify the plaintiff.

Further, although the plaintiff argues that dismissal of its claim will deprive it of any remedy that it may have against the United States, this claim is patently false, as the plaintiff will remain free to pursue the claim for indemnification or contribution following the conclusion of

the state court litigation, if the plaintiff is found liable in that action.  If the plaintiff is not found liable in the state court action, then it has no need to seek indemnification from the United States.  Indeed, the fact that the plaintiff continues to deny liability to Chesapeake for the water main damage demonstrates that the interests of the plaintiff and the United States are not demonstrably "adverse."  See, e.g., Haworth, 300 U.S. at 241-42 (noting that to pass constitutional muster, a "controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests").

As the Court in Abbott Laboratories indicated, a declaratory judgment is appropriate where "the issue tendered is a purely legal one."  Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967).  In the context of the cases cited by the plaintiff, the issue is almost exclusively whether or not the insurance policy covers the claimed loss.  E.g., White v. Nat'l Union Fire Ins. Co., 913 F.2d 165 (4th Cir. 1990) (a dispute over whether, and to what extent, the defendant insurance company was required to cover the plaintiff's losses under its underinsured motorist coverage).  Such a question is indeed "a purely legal one," as the court was not required to engage in a factual inquiry with regard to the underlying traffic accident, but was only presented with the legal question of whether a contract for insurance would cover the plaintiff in that case.  In contrast, the instant case involves somewhat complex factual allegations that must be resolved before the court could grant the declaration of rights that the plaintiff seeks.  The issues in this case, therefore, cannot be said to be "purely legal one[s]," and thus the action is not yet ripe for adjudication.

Indeed, while the plaintiff will not suffer significant hardship from the court withholding consideration in the instant case, the possibility exists that the defendants will spend resources in

defending this case only to have the state court action make the instant issue moot. See Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967) (noting that the court should consider "the hardship to the parties of withholding court consideration"). This hardship to the United States and to Chesapeake clearly outweighs any hardship that might accrue to the plaintiff in having to delay adjudication of the issues in this case until the state court litigation has been resolved. Therefore, the instant case is not ripe for consideration, and the court must dismiss it for lack of subject matter jurisdiction.

B. Failure to State a Claim Against Chesapeake

Chesapeake also moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and argues that the plaintiff has failed to state a claim for which relief can be granted, as the complaint does not seek any relief against Chesapeake. The plaintiff has responded by claiming that Chesapeake is a necessary party whose presence is required by FED. R. CIV. P. 19(a) in that complete relief cannot be accorded in the absence of Chesapeake. Because, however, the court lacks subject matter jurisdiction over the case at this time, it declines to consider this portion of Chesapeake's motion to dismiss.

V. Conclusion

The plaintiff has filed a "Local Rule 7(E) Suggestion That Motions to Dismiss be Deemed Withdrawn," in which it asserts that, because neither defendant had set this matter for hearing within thirty days after filing of their motions to dismiss, the court is required to deem the motions withdrawn. The defendants have filed a joint response and a motion requesting the court to order the motions to dismiss submitted without a hearing. Although Rule 7(E) of the Local Rules of the United States District Court for the Eastern District of Virginia does provide

that motions shall be deemed withdrawn if not set for a hearing by the movant within thirty days of filing, the rule contains an important caveat: "[u]nless otherwise ordered." Therefore, the court **GRANTS** the defendants' motion and **ORDERS** that the defendants need not set the matter for hearing, but that, as indicated supra, the court has determined that oral argument is unnecessary.

As a result of the action pending between the plaintiff and Chesapeake in state court, this court has determined that the instant declaratory judgment action is not ripe for adjudication, and therefore that the court lacks subject matter jurisdiction over this case. Therefore, the court **GRANTS** the motions to dismiss filed by Chesapeake and by the United States, and the case is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 20, 2007
Norfolk, Virginia